John C. Grugan (PA 83148)
gruganj@ballardspahr.com
*(admitted pro hac vice)*
Thomas F. Burke (PA 320311)
burket@ballardspahr.com
*(admitted pro hac vice)*
**BALLARD SPAHR LLP**
1735 Market St., 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 864-8500
Facsimile: (215) 864-8999

Marcos D. Sasso (SBN 228905)
sassom@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: (424) 204-4400
Facsimile: (424) 204-4350

*Attorneys for Defendant Pennsylvania Higher Education Assistance Agency*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, by and through the Commissioner of Business Oversight, <br><br> Plaintiff, <br><br> v. <br><br> PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, d/b/a Fedloan, <br><br> Defendant. | Case Number: 20-cv-03150-MMC <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

The Parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

For the reasons stated in Defendant's Notice of Removal (ECF No. 1), this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1442(a)(1). The Parties are not aware of issues regarding personal jurisdiction or venue. No parties remain to be served.

2. **Facts**

For a thorough description of the facts, the Parties refer the Court to the factual summaries contained in the briefing on Defendant's pending motion to dismiss. *See* ECF No. 10, at 3–10; ECF No. 19, at 2–7. For purposes of this joint statement, the Parties submit the following summary:

In 2009, the U.S. Department of Education (the Department) exercised its federal statutory authority to designate defendant Pennsylvania Higher Education Assistance Agency (PHEAA) as a federal student loan servicer. In 2016, the California Legislature passed the California Student Loan Servicing Act (CSLSA), California Financial Code § 28100 *et seq.*, which states that Plaintiff, the Commissioner of Business Oversight (DBO), has authority to grant or deny licenses to student loan servicers operating within the State of California, and to enjoin unlicensed servicers from operating within the State. CSLSA also states that the DBO has the authority to examine and seize all records held by applicants or licensees and to penalize noncompliance with its orders through imposition of fines, as well as revocation or suspension of licenses.

In December 2019, the DBO announced that it intended to examine the books and records of PHEAA, which serves, pursuant to a contract with the Department, as the exclusive servicer for the Teacher Education Assistance for College and Higher Education (TEACH) Program, 20 U.S.C. §§ 1070g–1070g-4. The TEACH Program funds grants for college students who have committed to teaching after graduation in specified high-need subjects in low-income areas. PHEAA's contract with the Department specifies that all federal records in its possession are the property of the Department and that PHEAA, as a federal contractor, is subject to the mandates of the federal

Privacy Act, which criminalizes the disclosure of government records containing personal information unless an enumerated exception applies.

Between January 2020 and April 2020, the DBO demanded that PHEAA produce TEACH-related records for inspection; PHEAA stated that it was unable to comply with the DBO's demands because of its federal obligations; and the Department informed the DBO that PHEAA was not permitted to produce the records at issue. The DBO stands by its demand and filed the instant suit for declaratory and injunctive relief and penalties.

3. **Legal Issues**

For a thorough description of the legal issues presented, the Parties refer the Court to the briefing on Defendant's pending motion to dismiss. *See* ECF No. 10; ECF No. 19; ECF No. 20. For purposes of this joint statement, the Parties submit the following summary:

- Whether CSLSA is preempted as to federal student loan servicers as a matter of obstacle preemption;
- Whether CSLSA is preempted as to federal student loan servicers as a matter of impossibility preemption; and
- Whether the DBO's claims are barred by the intergovernmental immunity doctrine.

4. **Motions**

Defendant filed a motion to dismiss the Complaint on May 15, 2020. The motion is fully briefed and ripe for disposition. The parties anticipate filing motions for summary judgment in the event that the matter is not resolved on the pending motion to dismiss.

5. **Amendment of Pleadings**

The Parties do not currently anticipate revisions to the parties, claims, or defenses. The Parties propose that the deadline for amending the pleadings without further leave of court be set for 30 days following resolution of the pending motion to dismiss.

6. **Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P.

26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**

The Parties intend to comply with the initial disclosure requirements of Fed. R. Civ. P. 26 by exchanging initial disclosures on or before October 5, 2020, which is 14 days after the Parties' Rule 26(f) conference on September 21, 2020.

8. **Discovery**

No discovery has been taken to date. The Parties expect that the scope of discovery will be minimal. The Parties will enter into a stipulated e-discovery order and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f) in the event that discovery appears necessary. The Parties have not identified any discovery disputes at this time.

9. **Class Actions**

This matter is not a class action.

10. **Related Cases**

The Parties agree that there are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. **Relief**

Plaintiff seeks the following relief in the Complaint:

(1) Pursuant to California Financial Code section 28168, subdivision (a), a preliminary and permanent injunction compelling Defendant and its officers, directors, successors in interest, controlling persons, agents, employees, attorneys in fact, and all other persons acting in concert or participating with them, or any of them, to comply with section 28130, subdivisions (b), (c), and (d) of the Financial Code, and to file with the commissioner a required report, to comply with an order of the commissioner, and to submit to a periodic examination of the Commissioner in his exercise of authority to examine and control the books, records, and documents of the licensee under Financial Code sections 28108, subdivisions (a) and (b), and 28154, subdivision (a).

(2) Pursuant to California Code of Civil Procedure section 1060, subdivision (a), a judicial declaration that: a. Defendant must comply at all times with all provision of California's Student

Loan Servicing Act and the regulations promulgated therein, with respect to all student loans that Defendant services in the State of California, including federal loans; and (b) The Commissioner of Business Oversight has the power and authority to administer and enforce all provisions of California's Student Loan Servicing Act and the regulations promulgated therein, which includes but is not limited to, conduct investigations and examinations of document, book and records relating to; require reporting of; and levy annual pro-rata assessments based on, all student loans servicing activity in the state of California, including federal loans.

(3) Penalties in the amount of $2,500 per violation as set forth in Financial Code § 28172, in an amount according to proof.

(4) Any other relief deemed just and proper by this Court.

Defendant submits that if liability is established, any penalty should be calculated on the basis of a single violation for no more than $2,500.

12. **Settlement and ADR**

The Parties agree that there are no prospects for settlement or ADR at this time. Resolution of Defendant's pending motion to dismiss may facilitate a resolution.

13. **Consent to Magistrate Judge For All Purposes**

The Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. **Other References**

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

The Parties agree that the relevant issues subject to potential narrowing are currently before the Court based on Defendant's pending motion to dismiss the Complaint.

16. **Expedited Trial Procedure**

The Parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

17. **Scheduling**

No ADR or expert testimony are expected. The Parties propose the following schedule:

    Fact discovery cutoff: February 12, 2021

    Deadline for dispositive motions: March 12, 2021

    Pretrial conference: June 11, 2021

    Trial: June 25, 2021

18. **Trial**

The parties expect this case to be resolved on Defendant's pending motion to dismiss the Complaint or on a subsequent motion for summary judgment. In the event that the case proceeds to trial, the Parties expect that the case will be tried to the court and will require no more than three days.

19. **Disclosure of Non-party Interested Entities or Persons**

Neither Party has filed the "Certification of Interested Entities or Persons" described by Civil Local Rule 3-15 because the Parties consist of governmental entities or agencies. Apart from the State of California and the Commonwealth of Pennsylvania, neither Party has any persons, firms, partnerships, corporations (including parent corporations) or other entities having either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. **Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other**

The Parties have identified no other matters for the Court's attention at this time.

Dated: September 30, 2020   */s/ Paul Yee*
                             Paul Yee

*Attorney for Plaintiff the California Department of Business Oversight*


Dated: September 30, 2020   */s/ Marcos D. Sasso*
                             Marcos D. Sasso

*Attorney for Defendant Pennsylvania Higher Education Assistance Agency*

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:   _____
         UNITED STATES DISTRICT JUDGE

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915